IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GUY A. DUCKWORTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIV 05-396-JHP |
| ) | |
| FEDEX GROUND PACKAGE ) | |
| SYSTEM, INC., a foreign corporation, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION

Before the Court is Plaintiff's Motion in Limine requesting that the Court exclude any and all evidence or testimony regarding the clothing Plaintiff was wearing, or any of his or his passenger's other physical features, at the time of the accident, as well as Defendant's Response. For the following reasons, Plaintiffs' Motion is GRANTED in part and DENIED in part.

## Background

This case arises from an automobile collision occurring on July 21, 2004 in Carroll County, Arkansas.[1] While Plaintiff Guy A. Duckworth was traveling east on U.S. Highway 412 on his Harley Davidson motorcycle, he collided with one of Defendant FedEx Ground Package System's trucks, driven by Gregory Wienert, which was traveling south.[2] Plaintiff alleges that

---

[1] As a result of location of the collision, both parties stipulate (Pretrial Order at 3), and the Court agrees, that the substantive law of Arkansas should apply in this case as the state with the most significant relationship to this case. *See* Brickner v. Gooden, 525 P.2d 632, 637 (Okla. 1974) (adopting the most significant relationship test as Oklahoma's standard for choice of law in tort cases).

[2] Defendant concedes it is responsible for the actions of Gregory Wienert in this accident. (Pretrial Order at 1.)

1

the accident resulted from the negligence of Defendant's driver. For its part, Defendant denies that its driver was negligent and instead alleges that Plaintiff's contributory negligence caused the accident. To establish the lack of negligence on the part of its driver and the contributory negligence of Plaintiff, Defendant apparently seeks to present evidence concerning the color of Defendant's and his passenger's clothing, the color of Plaintiff's motorcycle, and other physical characteristics of Plaintiff and his passenger. Plaintiff, in turn, filed a Motion in Limine to exclude this evidence as either irrelevant or unduly prejudicial.

## Discussion

According to the Federal Rules of Evidence, "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority." Fed. R. Evid. 402. Thus, the Court must first determine if evidence of the color of Plaintiff's or his passenger's clothing, the color of his motorcycle, or the other physical characteristics of Plaintiff and his passenger are relevant to this case with the meaning of the rules, as "[e]vidence which is not relevant is not admissible." *Id*. To be relevant, evidence must have some "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Because Defendant seemingly intends to offer evidence of the clothing and appearance of Plaintiff and his passenger both to refute the alleged negligence of Mr. Wienert and to establish Plaintiff's own contributory negligence, the Court will address the admissibility of the evidence for these respective purposes separately.

### A. Admissibility to Prove Plaintiff's Contributory Negligence

Arkansas law defines contributory negligence as "the doing of something by plaintiff which a person of ordinary care and prudence would not have done under the same or similar circumstances, or failure of plaintiff to do something which a person of ordinary care and prudence would have done under same or similar circumstances, and which conduct on part of plaintiff contributed, however slightly, in whole or in part, to occurrence and damages, and without which damages would not have been sustained." *Dempsey v. U.S.*, 176 F. Supp. 75, 82 (D.C. Ark. 1959). Proving the existence of negligence, however, requires that one demonstrate as essential elements both that "a duty was owed and that the duty was breached." *Nucor Corp. v. Kilman*, 186 S.W.3d 720, 733 (Ark. 2004). Moreover, "[t]he question of whether a specific duty is owed is always a question of law and never one of fact for the jury." *Kroger Co. v. Smith*, No. CA 05-320, 2005 WL 3196774, at *2 (Ark. Ct. App. 2005); *see also Maneth v. Tucker*, 34 S.W.3d 755, 758 (Ark. Ct. App. 2000) ("The question of what duty, if any, is owed by one person to another is always a question of law."). Thus, the Court must first determine whether Plaintiff and his passenger were under a duty to present themselves in a conspicuous manner before deciding whether the color of Plaintiff's or his passenger's clothes is relevant to the issue of Plaintiff's contributory negligence.

In its Response to Plaintiff's Motion, Defendant fails to cite any authority, statutory or otherwise, for the proposition that Arkansas law places an affirmative duty of care upon a motorcyclist to dress in a conspicuous manner under any circumstances, much less, as the facts

apparently stand here,[3] on a clear day. In its own research, the Court has identified few cases addressing the duty of motorcyclists regarding their clothing or personal visibility. Moreover, even in those cases where a darkly dressed motorcyclist has been held to have committed contributory negligence, the underlying accident generally occurred at night while the driver operated the motorcycle without illuminated headlights or taillights. *See Stutts v. Sistrunk*, 245 So.2d 721, 723 (La. App. 1971); *Fazio v. Brown*, 540 A.2d 1065, 1066 (Conn. App. Ct. 1988), rev'd on other grounds, 551 A.2d 1227 (Conn. 1988). Thus, the reasoning of such cases appears inapposite to this case.

Instead, the Court finds persuasive the reasoning of the Connecticut Superior Court in *Tonetti v. Barth*, 829 A.2d 453 (Conn. Super. Ct. 2003). In *Tonetti*, the court reviewed extant case law on the subject of the duty of motorcyclists to dress in a conspicuous manner. Finding no cases directly supporting the proposition that one who rides a motorcycle during the day is under a duty to dress in a conspicuous manner, the court turned to its own consideration of the question of a motorcyclist's duty. It concluded that, absent "special facts that would show that it was, or should have been, foreseeable to the plaintiff that high visibility clothing was necessary in order for him to be seen," the likelihood of harm to a motorcyclist from failing to dress in a particular manner was "too remote to be considered reasonably foreseeable." *Id*. at 459-460. Moreover, the court noted that although "vehicular travel on…highways is a highly regulated activity," neither state nor federal legislators "require[] motorcycle drivers to wear visually prominent clothing or manufacturers to paint motorcycles…only in bright or prominent colors."

---

[3]The Court notes that Defendant's response does not contest Plaintiff's factual assertion that the accident in this case occurred on a clear day. (Pl. Mot. at 2.)

*Id*. at 460. In light of the silence of state and federal law, the court found that public policy did not support the court's adopting a rule imposing such a duty on motorcycle drivers. *Id*.

The same factors weigh against recognizing such a duty in the present case. As in *Tonetti*, no special facts have been pleaded suggesting that it would have been reasonably foreseeable to Plaintiff that the color of his clothing or motorcycle would have placed him at risk of harm. In addition, the absence of any Arkansas statute regulating the dress of motorcyclists, when combined with the willingness of Arkansas's legislature to enact other laws designed to increase the visibility of motorcycles,[4] would seem to suggest a considered judgment by the state of Arkansas not to impose such a duty upon motorcycle riders. In the absence of any other statute or precedent imposing such a duty upon a motorcycle driver or passenger, the Court declines to recognize the existence of one in this case.

Because Arkansas law places no affirmative duty on Plaintiff or his passenger to dress in a conspicuous manner while riding a motorcycle on a clear day, any evidence regarding the color of Plaintiff's or his passenger's clothing would appear to be irrelevant to the issue of Plaintiff's alleged contributory negligence. Thus, the Court finds it appropriate to exclude any evidence of the clothing or other physical characteristics of Plaintiff or his passenger with regard to this

---

[4]*See* Ark. Code Ann. § 27-20-104(a) (1987) (requiring that every motorcycle have "(1) [a]t least one (1), but not more than two (2), headlights which, in the dark, shall emit a white light visible from a distance of at least five hundred feet (500') in front; (2) [a] red reflector on the rear, which shall be visible from a distance of three hundred feet (300') to the rear when directly in front of a lawful upper beam head lamp of a motor vehicle; (3) [a] lamp emitting a red light visible from a distance of five hundred feet (500') to the rear must be used in addition to the red reflector provided above"); Ark. Code. Ann. § 27-36-215(d)(2) (1987) (requiring that "[e]very motorcycle and every motor-driven cycle shall carry at least one (1) reflector, meeting the requirements of this section") .

5

issue.

## B.  Admissibility to Prove or Disprove Defendant's Negligence

Defendant's arguments in relation to the negligence of its own driver present a different issue.  Among the questions that must be addressed in a negligence case are "(1) what duty...the defendant owed the plaintiff; (2) whether that duty was breached; (3) whether it was reasonably foreseeable that such a breach would cause the injury; [and] (4) whether the negligent act caused or was a substantial factor in causing the injury." *Maneth v. Tucker*, 34 S.W.3d 755, 758 (Ark. Ct. App. 2000).  The Court recognizes that in Arkansas "the duty rests upon the driver of an automobile to exercise ordinary care in its operation and in the exercise of such care it is his duty to keep a constant lookout to avoid injury to others." *Yocum v. Holmes*, 258 S.W.2d 535, 538 (Ark. 1953) (quoting *Northwestern Cas. & Sur. Co. v. Rose*, 46 S.W.2d 796, 797 (Ark. 1932)).  Thus, the existence of negligence by Defendant's driver in this case will likely turn instead on factual questions, such as whether Defendant's driver breached his duty of lookout in colliding with Plaintiff and whether that breach led to the accident and Plaintiff's injuries.

In contrast to the issue of Plaintiff's contributory negligence, the clothing and physical appearance of Plaintiff and his passenger could indeed be relevant to the issue of the negligence of Defendant's driver.  Defendant may argue that its driver, in spite of exercising the requisite care in operating his vehicle, nevertheless failed to see Plaintiff.  Thus, evidence of the visibility of Plaintiff and his passenger may, in the eyes of the jury, have some "tendency to make the existence of any fact that is of consequence to the determination of the action," such as breach of duty or causation, "more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  Moreover, the Court does not consider the probative value of such evidence, when

6

used for the purpose of refuting Plaintiff's claims that Defendant's driver was negligent, to be "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.  Instead, any prejudicial effect that exposing the jury to such evidence on the issue of Defendant's negligence may have on its consideration of Plaintiff's contributory negligence can be adequately remedied by appropriate jury instructions.

## Conclusion

For the foregoing reasons, Plaintiff's Motion in Limine is GRANTED in part and DENIED in part.  Evidence, testimony, arguments, comments, and questions designed to elicit information concerning the color of Plaintiff's or his passenger's clothing or any related physical characteristics of Plaintiff, his passenger, or his motorcycle, are permitted for the purpose of addressing the issue of Defendant's own negligence, or lack thereof, but are not permitted insofar as they relate to the issue of Plaintiff's contributory negligence.  The parties should so instruct their witnesses.  All exhibits should be edited accordingly, consistent with this Order.

IT IS SO ORDERED this 3rd  day of October 2006.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma